B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>**Eastern District of North Carolina** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Spicer, Gregory** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-7385** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**575 Comfort Rd**<br>**Richlands, NC**<br><br>ZIP Code **28574** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Onslow** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
■ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(4/10)                                                                                                          Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Spicer, Gregory** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr><td><b>Exhibit A</b><br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td><td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br><b>X  /s/ J. Allen Murphy                          May 26, 2010</b><br>Signature of Attorney for Debtor(s)                          (Date)<br><b>J. Allen Murphy 13053</b></td></tr>
</table>

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
|    ☐ Yes, and Exhibit C is attached and made a part of this petition. |
|    ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
|    ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
|    ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
|       _____<br>      (Name of landlord that obtained judgment) |
|       _____<br>      (Address of landlord) |
| ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(4/10)                                                                                           Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

| Name of Debtor(s): |
|---|
| **Spicer, Gregory** |

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Gregory Spicer**
Signature of Debtor **Gregory Spicer**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**May 26, 2010**
Date

**Signature of Attorney***

X **/s/ J. Allen Murphy**
Signature of Attorney for Debtor(s)

**J. Allen Murphy 13053**
Printed Name of Attorney for Debtor(s)

**Gillespie & Murphy, P.A.**
Firm Name

**P.O. Drawer 888**
**New Bern, NC 28563**

_____
Address

**Email: gmpa@lawyersforchrist.com**
**(252) 636-2225 Fax: (252) 636-0625**
Telephone Number

**May 26, 2010**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____
_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Eastern District of North Carolina

In re    **Gregory Spicer** _____    Case No. _____
                                        Debtor(s)    Chapter    **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                                           Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Gregory Spicer**
                                   **Gregory Spicer**

Date:    **May 26, 2010**

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re   **Gregory Spicer**                  Case No. _____

                             Debtor(s)         Chapter    **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

     I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Gregory Spicer** | X **/s/ Gregory Spicer** | **May 26, 2010** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

B22C (Official Form 22C) (Chapter 13) (04/10)

| In re | **Gregory Spicer** | According to the calculations required by this statement: |
|---|---|---|
| | Debtor(s) | ☐ **The applicable commitment period is 3 years.** |
| Case Number: | | ■ **The applicable commitment period is 5 years.** |
| | (If known) | ■ **Disposable income is determined under § 1325(b)(3).** |
| | | ☐ **Disposable income is not determined under § 1325(b)(3).** |
| | | (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly.  Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | | |
|---|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br> a. ■ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.** <br> b. ☐ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | **Column A** <br> Debtor's Income | **Column B** <br> Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | $         **3,460.43** | $ |
| 3 | **Income from the operation of a business, profession, or farm.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** <table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 0.00</td><td>$</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$ 0.00</td><td>$</td></tr><tr><td>c.</td><td>Business income</td><td colspan="2">Subtract Line b from Line a</td></tr></table> | | $         **0.00** | $ |
| 4 | **Rents and other real property income.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  Do not enter a number less than zero.  **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** <table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 0.00</td><td>$</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$ 0.00</td><td>$</td></tr><tr><td>c.</td><td>Rent and other real property income</td><td colspan="2">Subtract Line b from Line a</td></tr></table> | | $         **0.00** | $ |
| 5 | **Interest, dividends, and royalties.** | | $         **0.00** | $ |
| 6 | **Pension and retirement income.** | | $         **0.00** | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.**  Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | | $         **0.00** | $ |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <table><tr><td>Unemployment compensation claimed to be a benefit under the Social Security Act</td><td>Debtor $         0.00</td><td>Spouse $</td></tr></table> | | $         **0.00** | $ |

B22C (Official Form 22C) (Chapter 13) (04/10)                                                                                              2

| 9 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
|---|---|---|---|
| | | Debtor | Spouse |
| | a. | $ | $ |
| | b. | $ | $ |
| | | | $ 0.00 $ |

| 10 | Subtotal. Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ 3,460.43 $ |
|---|---|---|
| 11 | Total. If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ 3,460.43 |

### Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11 | $ 3,460.43 |
|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a. $ | |
| | b. $ | |
| | c. $ | |
| | Total and enter on Line 13 | $ 0.00 |

| 14 | Subtract Line 13 from Line 12 and enter the result. | $ 3,460.43 |
|---|---|---|
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ 41,525.16 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
| | a. Enter debtor's state of residence: **NC**   b. Enter debtor's household size: **1** | $ 38,656.00 |

| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br>■ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. |
|---|---|

### Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $ 3,460.43 |
|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a. $ | |
| | b. $ | |
| | c. $ | |
| | Total and enter on Line 19. | $ 0.00 |

| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 3,460.43 |
|---|---|---|

**B22C (Official Form 22C) (Chapter 13) (04/10)** 3

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **41,525.16** |
|---|---|---|---|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **38,656.00** |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed. <br><br> ■ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement. <br><br> ☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | | |

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ | **526.00** |
|---|---|---|---|---|---|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 16b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. |
|---|---|

| **Household members under 65 years of age** | | | **Household members 65 years of age or older** | | | | |
|---|---|---|---|---|---|---|---|
| a1. | Allowance per member | **60** | a2. | Allowance per member | **144** | | |
| b1. | Number of members | **1** | b2. | Number of members | **0** | | |
| c1. | Subtotal | **60.00** | c2. | Subtotal | **0.00** | $ | **60.00** |

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | | | $ | **359.00** |
|---|---|---|---|---|---|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** |
|---|---|

| a. | IRS Housing and Utilities Standards; mortgage/rent Expense | $ | **632.00** | | |
|---|---|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | **532.97** | | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | | $ | **99.03** |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | | $ | **0.00** |
|---|---|---|---|---|---|

B22C (Official Form 22C) (Chapter 13) (04/10)                                                                                                  4

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0   ☐ 1   ■ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | **478.00** |
|---|---|---|---|
| 27B | **Local Standards: transportation; additional public transportation expense.**  If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | **0.00** |

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.**  Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ■ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.  **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ | 496.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ | 342.57 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ | **153.43** |

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.**  Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ■ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.  **Do not enter an amount less than zero.**<br><br>a. IRS Transportation Standards, Ownership Costs — $ 496.00<br>b. Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 — $ 342.57<br>c. Net ownership/lease expense for Vehicle 1 — Subtract Line b from Line a. | $ | **153.43** |
|---|---|---|---|
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.  **Do not enter an amount less than zero.**<br><br>a. IRS Transportation Standards, Ownership Costs — $ 496.00<br>b. Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 — $ 0.00<br>c. Net ownership/lease expense for Vehicle 2 — Subtract Line b from Line a. | $ | **496.00** |
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ | **608.58** |
| 31 | **Other Necessary Expenses: mandatory deductions for employment.**  Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ | **0.00** |
| 32 | **Other Necessary Expenses: life insurance.**  Enter total average monthly premiums that you actually pay for term life insurance for yourself.  **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ | **0.00** |
| 33 | **Other Necessary Expenses: court-ordered payments.**  Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments.  **Do not include payments on past due obligations included in line 49.** | $ | **0.00** |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**  Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ | **0.00** |
| 35 | **Other Necessary Expenses: childcare.**  Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool.  **Do not include other educational payments.** | $ | **0.00** |

B22C (Official Form 22C) (Chapter 13) (04/10)                                                                                              5

| 36 | **Other Necessary Expenses: health care.**  Enter the average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B.  **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ | **0.00** |
|----|----|----|----|
| 37 | **Other Necessary Expenses: telecommunication services.**  Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents.  **Do not include any amount previously deducted.** | $ | **21.95** |
| 38 | **Total Expenses Allowed under IRS Standards.**  Enter the total of Lines 24 through 37. | $ | **2,801.99** |

<table>
<tr><td colspan="4" align="center"><b>Subpart B: Additional Living Expense Deductions</b><br><b>Note: Do not include any expenses that you have listed in Lines 24-37</b></td></tr>
</table>

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**  List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
|----|----|----|----|
| | a. | Health Insurance | $ 0.00 | |
| | b. | Disability Insurance | $ 0.00 | |
| | c. | Health Savings Account | $ 0.00 | |
| | Total and enter on Line 39 | | $ | **0.00** |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br><br>$ | | | |
| 40 | **Continued contributions to the care of household or family members.**  Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.  **Do not include payments listed in Line 34.** | $ | **0.00** |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | **0.00** |
| 42 | **Home energy costs.**  Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.  **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | **0.00** |
| 43 | **Education expenses for dependent children under 18.**  Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | **0.00** |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | **0.00** |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ | **0.00** |
| 46 | **Total Additional Expense Deductions under § 707(b).**  Enter the total of Lines 39 through 45. | $ | **0.00** |

B22C (Official Form 22C) (Chapter 13) (04/10)                                                                         6

## Subpart C: Deductions for Debt Payment

| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance |
|---|---|---|---|---|
| a. | Chase | **2009 Kia Sorento VIN: KNDJD735295892860 Value: 17,350 Purchased: 10/24/09 Price: 25,000 Mileage: 6,000 Titled: Debtor** | $         342.57 | ☐yes ■no |
| b. | GMAC | **2003 Horton 27x68 Doublewide Mobile Home & Lot 575 Comfort Rd Richlands, NC 28574 Value: 88452.00 (TV 98280 - 10% liq. cost) Purchased: 6/03 Price: 70,150 (mobile home price, lot was gift) TV: 98280 Ownership: Debtor Pymt: 532.97 P/** | $         532.97 | ■yes ☐no |
| c. | HSBC/Suzuki | **2007 Suzuki VL1500K7 VIN: JS1VY52A472102735 Value: 7,700 Purchased: 12/07 Price: 13,000 Mileage: 3,000 Titled: Debtor** | $         248.52 | ☐yes ■no |
| | | | Total: Add Lines | $        1,124.06 |

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | -NONE- | | $ |
| | | | Total: Add Lines |       $         0.00 |

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $        3.58 |

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |

| | a. | Projected average monthly Chapter 13 plan payment. | $         820.00 | |
|---|---|---|---|---|
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x         8.00 | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $        65.60 |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $        1,193.24 |

**B22C (Official Form 22C) (Chapter 13) (04/10)** 7

| | Subpart D: Total Deductions from Income | | |
|---|---|---|---|
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ | **3,995.23** |

| | Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2) | | |
|---|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ | **3,460.43** |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ | **0.00** |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ | **0.00** |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ | **3,995.23** |
| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** <table><tr><td></td><td>Nature of special circumstances</td><td colspan=2>Amount of Expense</td></tr><tr><td>a.</td><td></td><td>$</td><td></td></tr><tr><td>b.</td><td></td><td>$</td><td></td></tr><tr><td>c.</td><td></td><td>$</td><td></td></tr><tr><td colspan=3>Total: Add Lines</td></tr></table> | $ | **0.00** |
| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ | **3,995.23** |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ | **-534.80** |

| | Part VI. ADDITIONAL EXPENSE CLAIMS | | |
|---|---|---|---|
| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. <table><tr><td></td><td>Expense Description</td><td colspan=2>Monthly Amount</td></tr><tr><td>a.</td><td></td><td>$</td><td></td></tr><tr><td>b.</td><td></td><td>$</td><td></td></tr><tr><td>c.</td><td></td><td>$</td><td></td></tr><tr><td>d.</td><td></td><td>$</td><td></td></tr><tr><td colspan=2>Total: Add Lines a, b, c and d</td><td>$</td><td></td></tr></table> | | |

**B22C (Official Form 22C) (Chapter 13) (04/10)**                                                                    **8**

| | Part VII. VERIFICATION |
|---|---|
| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date:  **May 26, 2010**                          Signature:  **/s/ Gregory Spicer**<br>                                                                          **Gregory Spicer**<br>                                                                                   (Debtor) |

**B22C (Official Form 22C) (Chapter 13) (04/10)** 9

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **11/01/2009** to **04/30/2010**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Mine Safety Appliance**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 11/2009 | $3,102.40 |
| 5 Months Ago: | 12/2009 | $3,102.40 |
| 4 Months Ago: | 01/2010 | $4,828.14 |
| 3 Months Ago: | 02/2010 | $3,233.31 |
| 2 Months Ago: | 03/2010 | $3,119.79 |
| Last Month: | 04/2010 | $3,376.52 |
| | Average per month: | $3,460.43 |

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re  **Gregory Spicer**

Debtor(s)

Case No.

Chapter   **13**

# STATEMENT OF FINANCIAL AFFAIRS

     This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

     Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

     *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

     *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$15,362.00** | **2010 YTD: Debtor Mine Safety Appliance** |
| **$41,458.04** | **2009: Debtor Mine Safety Appliance** |
| **$56,200.00** | **2008: Debtor Mine Safety Appliance** |

---

### 2. Income other than from employment or operation of business

None ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

2

### 3. Payments to creditors

None
☐

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Chase**<br>**Attn: Managing Agent**<br>**201 N. Central Ave Floor 11**<br>**Phoenix, AZ 85004** | **monthly** | **$387.82** | **$20,577.00** |
| **GMAC**<br>**Attention:  Bankruptcy Dept.**<br>**1100 Virginia Drive**<br>**Fort Washington, PA 19034** | **monthly** | **$532.97** | **$59,807.00** |
| **HSBC/Suzuki**<br>**Attn: Managing Agent**<br>**PO Box 703**<br>**Wood Dale, IL 60191** | **monthly** | **$403.00** | **$14,664.00** |

None
■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
■
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

4

### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY | |
|---|---|---|---|---|
| **Gillespie & Murphy, PA** | 03/22/10 | $400.00 | **Attorney fee** | **$472.00** |
| **PO Drawer 888** | 04/05/10 | $400.00 | **Court filing fee** | **$274.00** |
| **New Bern, NC 28563** | | | **Credit report** | **$ 20.00** |
| | | | **Credit counseling** | **$ 34.00** |

### 10. Other transfers

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

5

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER          DESCRIPTION AND VALUE OF PROPERTY          LOCATION OF PROPERTY

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                          NAME USED                                          DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT             NOTICE           LAW

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT             NOTICE           LAW

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                              DOCKET NUMBER                              STATUS OR DISPOSITION

6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

7

---

### 20. Inventories

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

### 22 . Former partners, officers, directors and shareholders

None ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 24. Tax Consolidation Group.

None ■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

9

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    **May 26, 2010**                                    Signature    **/s/ Gregory Spicer**

                                                                   **Gregory Spicer**
                                                                    Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B6A (Official Form 6A) (12/07)

.

In re    **Gregory Spicer**
_____,    Case No. _____
                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **2003 Horton 27x68 Doublewide Mobile Home & Lot 575 Comfort Rd Richlands, NC 28574 Value: 88452.00 (TV 98280 - 10% liq. cost) Purchased: 6/03 Price: 70,150 (mobile home price, lot was gift) TV: 98280 Ownership: Debtor Pymt: 532.97 P/I & Esc. Due date 5th** | **Fee simple** | - | **88,452.00** | **59,807.00** |

| | | Sub-Total > | **88,452.00** | (Total of this page) |
|---|---|---|---|---|
| | | Total > | **88,452.00** | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re **Gregory Spicer**
_____,          Case No. _____
                          Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.   Cash on hand | | **Cash** | - | 5.00 |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking- Marine Federal** | - | 30.00 |
| | | **Savings- Marine Federal** | - | 30.00 |
| | | **Checking - SECU** | - | 1,988.74 |
| | | **Savings - SECU** | - | 140.00 |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | **Small kitchen appliances** | - | 50.00 |
| | | **Stove** | - | 100.00 |
| | | **Refrigerator** | - | 100.00 |
| | | **Microwave** | - | 30.00 |
| | | **Washer & dryer** | - | 100.00 |
| | | **Silverware** | - | 20.00 |
| | | **Den furniture** | - | 75.00 |
| | | **Bedroom furniture** | - | 200.00 |
| | | **Dining room/kitchen furniture** | - | 50.00 |
| | | **Televisions** | - | 100.00 |
| | | **VCR/DVD** | - | 30.00 |
| | | **CDs, records, tapes** | - | 30.00 |
| | | **Computer, printer, hardware & software** | - | 200.00 |

Sub-Total >          3,278.74
(Total of this page)

__3__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Gregory Spicer**                                                      ,  Case No. _____
                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Lawn mower** | - | **75.00** |
| | | **Yard maintenance tools & equipment** | - | **50.00** |
| | | **Hand tools & tools of trade** | - | **50.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing & personal** | - | **300.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **401K- Mine Safety Appliance** | - | **16,822.15** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

Sub-Total >   **17,297.15**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Gregory Spicer**                        ,       Case No. _____

                               Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1987 Chevrolet Jimmy** <br> **VIN: 1GNCS18R5H8220464** <br> **Value: 500.00** <br> **Purchased: 6/06** <br> **Price: 2,000** <br> **Mileage: 160,000** <br> **Titled: Debtor** | - | **500.00** |

Sub-Total >     **500.00**
(Total of this page)

Sheet   **2**   of   **3**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Gregory Spicer**
_____,  Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **1993 Honda Civic LX 4 door (son drives)**<br>**VIN: 1HGEG8651PL025471**<br>**Value: 2,525**<br>**Purchased: 3/08**<br>**Price: 1,700**<br>**Mileage: 180,000**<br>**Titled: Debtor** | - | 2,525.00 |
| | | **2009 Kia Sorento**<br>**VIN: KNDJD735295892860**<br>**Value: 17,350**<br>**Purchased: 10/24/09**<br>**Price: 25,000**<br>**Mileage: 6,000**<br>**Titled: Debtor** | - | 17,350.00 |
| | | **2007 Suzuki VL1500K7**<br>**VIN: JS1VY52A472102735**<br>**Value: 7,700**<br>**Purchased: 12/07**<br>**Price: 13,000**<br>**Mileage: 3,000**<br>**Titled: Debtor** | - | 7,700.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Any property specifically listed on Schedules A and B including tax refunds and economic stimulus rebates** | - | 4,500.00 |

|  | Sub-Total > | 32,075.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 53,150.89 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

In re  **Gregory Spicer**                                                              ,   Case No. _____
                                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **2003 Horton 27x68 Doublewide Mobile Home & Lot** | **N.C. Gen. Stat. § 1C-1601(a)(1)** | **28,645.00** | **88,452.00** |
| **575 Comfort Rd** | | | |
| **Richlands, NC 28574** | | | |
| **Value: 88452.00 (TV 98280 - 10% liq. cost)** | | | |
| **Purchased: 6/03** | | | |
| **Price: 70,150 (mobile home price, lot was gift)** | | | |
| **TV: 98280** | | | |
| **Ownership: Debtor** | | | |
| **Pymt: 532.97 P/I & Esc. Due date 5th** | | | |
| | | | |
| **Cash on Hand** | | | |
| **Cash** | **N.C. Gen. Stat. § 1-362** | **5.00** | **5.00** |
| | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking- Marine Federal** | **N.C. Gen. Stat. § 1-362** | **30.00** | **30.00** |
| **Savings- Marine Federal** | **N.C. Gen. Stat. § 1-362** | **30.00** | **30.00** |
| **Checking - SECU** | **N.C. Gen. Stat. § 1-362** | **1,988.74** | **1,988.74** |
| **Savings - SECU** | **N.C. Gen. Stat. § 1-362** | **140.00** | **140.00** |
| | | | |
| **Household Goods and Furnishings** | | | |
| **Small kitchen appliances** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **50.00** | **50.00** |
| **Stove** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **100.00** | **100.00** |
| **Refrigerator** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **100.00** | **100.00** |
| **Microwave** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **30.00** | **30.00** |
| **Washer & dryer** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **100.00** | **100.00** |
| **Silverware** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **20.00** | **20.00** |
| **Den furniture** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **75.00** | **75.00** |
| **Bedroom furniture** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **200.00** | **200.00** |
| **Dining room/kitchen furniture** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **50.00** | **50.00** |
| **Televisions** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **100.00** | **100.00** |
| **VCR/DVD** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **30.00** | **30.00** |
| **CDs, records, tapes** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **30.00** | **30.00** |
| **Computer, printer, hardware & software** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **200.00** | **200.00** |

__1__  continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/10) -- Cont.

In re    **Gregory Spicer**
_____,    Case No. _____
                         Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Lawn mower** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **75.00** | **75.00** |
| **Yard maintenance tools & equipment** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **50.00** | **50.00** |
| **Hand tools & tools of trade** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **50.00** | **50.00** |
| **<u>Wearing Apparel</u>** <br> **Clothing & personal** | **N.C. Gen. Stat. § 1C-1601(a)(4)** | **300.00** | **300.00** |
| **<u>Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans</u>** <br> **401K- Mine Safety Appliance** | **N.C. Gen. Stat. § 1C-1601(a)(9)** | **16,822.15** | **16,822.15** |
| **<u>Automobiles, Trucks, Trailers, and Other Vehicles</u>** <br> **1987 Chevrolet Jimmy** <br> **VIN: 1GNCS18R5H8220464** <br> **Value: 500.00** <br> **Purchased: 6/06** <br> **Price: 2,000** <br> **Mileage: 160,000** <br> **Titled: Debtor** | **N.C. Gen. Stat. § 1C-1601(a)(2)** | **500.00** | **500.00** |
| **1993 Honda Civic LX 4 door (son drives)** <br> **VIN: 1HGEG8651PL025471** <br> **Value: 2,525** <br> **Purchased: 3/08** <br> **Price: 1,700** <br> **Mileage: 180,000** <br> **Titled: Debtor** | **N.C. Gen. Stat. § 1C-1601(a)(3)** | **2,525.00** | **2,525.00** |
| **<u>Other Personal Property of Any Kind Not Already Listed</u>** <br> **Any property specifically listed on Schedules A and B including tax refunds and economic stimulus rebates** | **N.C. Gen. Stat. § 1C-1601(a)(2)** | **4,500.00** | **4,500.00** |

|  | Total: | **56,745.89** | **116,552.89** |
|---|---|---|---|

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                                Best Case Bankruptcy

Rev. 12/2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN THE MATTER OF:                                                                                        CASE NUMBER:
**Gregory Spicer**
      Debtor(s).

SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

    I,   **Gregory Spicer**  , claim the following property as exempt pursuant to 11 U.S.C. § 522 and the laws of the State of North Carolina, and nonbankruptcy Federal law: **(Attach additional sheets if necessary)**.

    1. NCGS 1C-1601(a)(1) (NC Const., Article X, Section 2) REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT (The exemption is not to exceed $35,000; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed $60,000 in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the former co-owner, if a child use initials only, of the property below).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(1) |
|---|---|---|---|---|---|---|
| **2003 Horton 27x68 Doublewide Mobile Home & Lot 575 Comfort Rd Richlands, NC 28574 Value: 88452.00 (TV 98280 - 10% liq. cost) Purchased: 6/03 Price: 70,150 (mobile home price, lot was gift) TV: 98280 Ownership: Debtor Pymt: 532.97 P/I & Esc. Due date 5th** | **88,452.00** | | **GMAC** | **59,807.00** | **28,645.00** | **28,645.00** |

Debtor's Age: _____
Name of former co-owner: _____

              **VALUE OF REAL ESTATE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(1): $    28,645.00**

    2. NCGS 1C-1601(a)(3) MOTOR VEHICLE (The exemption in one vehicle is not to exceed $3,500.)

| Model, Year Style of Auto | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(3) |
|---|---|---|---|---|---|---|
| **1993 Honda Civic LX 4 door (son drives) VIN: 1HGEG8651PL025471 Value: 2,525 Purchased: 3/08 Price: 1,700 Mileage: 180,000 Titled: Debtor** | **2,525.00** | | | | **2,525.00** | **2,525.00** |

              **VALUE OF MOTOR VEHICLE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(3): $    2,525.00**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com             Best Case Bankruptcy

3. NCGS 1C-1601(a)(4) (NC Const., Article X, Section 1) PERSONAL OR HOUSEHOLD GOODS (The debtor's aggregate interest is not to exceed $5,000 plus $1,000 for each dependent of the debtor, not to exceed $4,000 total for dependents). The number of dependents for exemption purposes is **0** .

| Description of Property | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Claimed as Exempt Pursuant to NCGS 1C-1601(a)(4) |
|---|---|---|---|---|---|---|
| **Bedroom furniture** | **200.00** | | | | 200.00 | 200.00 |
| **CDs, records, tapes** | **30.00** | | | | 30.00 | 30.00 |
| **Clothing & personal** | **300.00** | | | | 300.00 | 300.00 |
| **Computer, printer, hardware & software** | **200.00** | | | | 200.00 | 200.00 |
| **Den furniture** | **75.00** | | | | 75.00 | 75.00 |
| **Dining room/kitchen furniture** | **50.00** | | | | 50.00 | 50.00 |
| **Hand tools & tools of trade** | **50.00** | | | | 50.00 | 50.00 |
| **Lawn mower** | **75.00** | | | | 75.00 | 75.00 |
| **Microwave** | **30.00** | | | | 30.00 | 30.00 |
| **Refrigerator** | **100.00** | | | | 100.00 | 100.00 |
| **Silverware** | **20.00** | | | | 20.00 | 20.00 |
| **Small kitchen appliances** | **50.00** | | | | 50.00 | 50.00 |
| **Stove** | **100.00** | | | | 100.00 | 100.00 |
| **Televisions** | **100.00** | | | | 100.00 | 100.00 |
| **VCR/DVD** | **30.00** | | | | 30.00 | 30.00 |
| **Washer & dryer** | **100.00** | | | | 100.00 | 100.00 |
| **Yard maintenance tools & equipment** | **50.00** | | | | 50.00 | 50.00 |

VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(4):  $       1,560.00

4. NCGS 1C-1601(a)(5) TOOLS OF TRADE (The debtor's aggregate interest is not to exceed $2,000 in value).

| Description | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(5) |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(5):  $         0.00

5. NCGS 1C-1601(a)(6) LIFE INSURANCE (NC Const., Article X, Section 5).

| Description\Insured\Last Four Digits of Policy Number\Beneficiary(if child, initials only) | | Cash Value |
|---|---|---|
| **-NONE-** | | |

6. NCGS 1C-1601(a)(7) PROFESSIONALLY PRESCRIBED HEALTH AIDS (For Debtor or Debtor's Dependents, no limit on value).

| Description |
|---|
| **-NONE-** |

7. NCGS 1C-1601(a)(8)  COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT. COMPENSATION NOT EXEMPT FROM RELATED LEGAL, HEALTH OR FUNERAL EXPENSE.

| Description AND Source of Compensation, Including Name (If child, initials only) & Last Four Digits of Account Number of any Disability Policy/Annuity |
|---|
| **-NONE-** |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

8. NCGS 1C-1601(a)(2) ANY PROPERTY (Debtor's aggregate interest in any property is not to exceed $5,000 in value of any unused exemption amount to which the debtor is entitled under NCGS 1C-1601(a)(1)).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(2) |
|---|---|---|---|---|---|---|
| **1987 Chevrolet Jimmy VIN: 1GNCS18R5H8220 464 Value: 500.00 Purchased: 6/06 Price: 2,000 Mileage: 160,000 Titled: Debtor** | **500.00** | | | | **500.00** | **500.00** |
| **Any property specifically listed on Schedules A and B including tax refunds and economic stimulus rebates** | **4,500.00** | | | | **4,500.00** | **4,500.00** |

VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(2):  $      5,000.00

9. NCGS 1C-1601(a)(9) and 11 U.S.C. § 522  INDIVIDUAL RETIREMENT PLANS & RETIREMENT FUNDS, as defined in the Internal Revenue Code, and any plan treated in the same manner as an individual retirement plan, including individual retirement accounts and Roth retirement accounts as described in §§ 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in § 408(b) of the Internal Revenue Code, accounts established as part of a trust described in § 408(c) of the Internal Revenue Code, and funds in an account exempt from taxation under § 401, 403, 408, 408A, 414, 457, or 510(a) of the Internal Revenue Code. For purposes of this subdivision, "Internal Revenue Code" means Code as defined in G.S. 105-228.90.

| Type of Account\Location of Account\Last Four Digits of Account Number |
|---|
| **401K- Mine Safety Appliance** |

10.  NCGS 1C-1601(a)(10) FUNDS IN A COLLEGE SAVINGS PLAN, as qualified under § 529 of the Internal Revenue Code, and that are not otherwise excluded from the estate pursuant to 11 U.S.C. §§ 541(b)(5)-(6), (e), not to exceed a cumulative limit of $25,000. If funds were placed in a college savings plan within the 12 months prior to filing, the contributions must have been made in the ordinary course of the debtor's financial affairs and must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses.

| College Savings Plan\Last Four Digits of Account Number\Value\Initials of Child Beneficiary |
|---|
| **-NONE-** |

11.  NCGS 1C-1601(a)(11) RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENTAL UNITS OF OTHER STATES (The debtor's interest is exempt only to the extent that these benefits are exempt under the laws of the state or governmental unit under which the benefit plan is established).

| Name of Retirement Plan\State Governmental Unit\Last Four Digits of Identifying Number |
|---|
| **-NONE-** |

12.  NCGS 1C-1601(a)(12) ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED  (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor).

| Type of Support\Amount\Location of Funds |
|---|
| **-NONE-** |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                                            Best Case Bankruptcy

13.  TENANCY BY THE ENTIRETY.  The following property is claimed as exempt pursuant to 11 U.S.C. § 522 and the law of the State of North Carolina pertaining to property held as tenants by the entirety.

| Description of Property and Address | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| -NONE- | | | | |

**VALUE CLAIMED AS EXEMPT:  $              0.00**

14.  NORTH CAROLINA PENSION FUND EXEMPTIONS

| | |
|---|---|
| -NONE- | |

15.  OTHER EXEMPTIONS CLAIMED UNDER LAWS OF THE STATE OF NORTH CAROLINA

| | | |
|---|---|---|
| a. | Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362 | 5.00 |
| b. | Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362 | 1988.74 |
| c. | Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362 | 30.00 |
| d. | Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362 | 140.00 |
| e. | Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362 | 30.00 |

16.  FEDERAL PENSION FUND EXEMPTIONS

| | |
|---|---|
| -NONE- | |

17.  OTHER EXEMPTIONS CLAIMED UNDER NONBANKRUPTCY FEDERAL LAW

| | |
|---|---|
| -NONE- | |

18.  RECENT PURCHASES

(a).  List tangible personal property purchased by the debtor within ninety (90) days of the filing of the bankruptcy petition.

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| -NONE- | | | | |

(b).  List any tangible personal property from 18(a) that is directly traceable to the liquidation or conversion of property that may be exempt and that was not acquired by transferring or using additional property.

| Description of Replacement Property | Description of Property Liquidated or Converted that May Be Exempt |
|---|---|
| | |

19. The debtor's property is subject to the following claims:

a.    Of the United States or its agencies as provided by federal law.

b.    Of the State of North Carolina or its subdivisions for taxes, appearance bonds or fiduciary bonds;

c.    Of a lien by a laborer for work done and performed for the person claiming the exemption, but only as to the specific property affected.

d.    Of a lien by a mechanic for work done on the premises, but only as to the specific property affected.

e.    For payment of obligations contracted for the purchase of specific real property affected.

f.    For contractual security interests in specific property affected; provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods.

g.    For statutory liens, on the specific property affected, other than judicial liens.

h.    For child support, alimony or distributive award order pursuant to Chapter 50 of the General Statutes of North Carolina.

i.    For criminal restitution orders docketed as civil judgments pursuant to G.S. 15A-1340.38.

j.    Debts of a kind specified in 11 U.S.C. § 523(a)(1) (certain taxes), (5) (domestic support obligations).

k.    Debts of a kind specified in 11 U.S.C. § 522(c).

| Claimant | Nature of Claim | Amount of Claim | Description of Property | Value of Property | Net Value |
|---|---|---|---|---|---|
| HSBC/Suzuki | **Purchase Money Security - I/S 7700.00/5.25%/prorata** | 14,664.00 | **2007 Suzuki VL1500K7 VIN: JS1VY52A472102735 Value: 7,700 Purchased: 12/07 Price: 13,000 Mileage: 3,000 Titled: Debtor** | 7,700.00 | 0.00 |
| Chase | **Purchase Money Security-continue to pay** | 20,577.00 | **2009 Kia Sorento VIN: KNDJD735295892860 Value: 17,350 Purchased: 10/24/09 Price: 25,000 Mileage: 6,000 Titled: Debtor** | 17,350.00 | 0.00 |

None of the property listed in paragraph 18(a), except qualified replacement property under 18(b), has been included in this claim of exemptions.

None of the claims listed in paragraph 19 is subject to this claim of exemptions.

I declare that to the extent any exemptions I have claimed appear on its face to exceed the amount allowed by the applicable statute, I claim only the maximum amount allowed by statute.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

UNSWORN DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF INDIVIDUAL
TO SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I, **Gregory Spicer**, declare under penalty of perjury that I have read the foregoing Schedule C-1 - Property Claimed as Exempt, consisting of 6 sheets, and that they are true and correct to the best of my knowledge, information and belief.

Executed on: **May 26, 2010**                    **/s/ Gregory Spicer**
                                                 **Gregory Spicer**
                                                                 Debtor

B6D (Official Form 6D) (12/07)

In re  **Gregory Spicer**                                                    , Case No. _____
                                                  Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxxxxx6522** | | | Opened 10/01/09  Last Active  3/05/10 Purchase Money Security-continue to pay | | | | | |
| Chase Attn: Managing Agent 201 N. Central Ave Floor 11 Phoenix, AZ 85004 | | - | 2009 Kia Sorento VIN: KNDJD735295892860 Value: 17,350 Purchased: 10/24/09 Price: 25,000 | | | | | |
| | | | Value $                                17,350.00 | | | | 20,577.00 | 3,227.00 |
| Account No. | | | | | | | | |
| Chase Auto Finance Attn: Managing Agent PO Box 78050 Phoenix, AZ 85062-8050 | | | Representing: Chase | | | | Notice Only | |
| | | | Value $ | | | | | |
| Account No. **xxxxx5085** | | | Opened  6/03/03  Last Active  3/19/10 DOT - I/S 532.97 x 57 mos. (incl. admin. arrears) | | | | | |
| GMAC Attention:  Bankruptcy Dept. 1100 Virginia Drive Fort Washington, PA 19034 | | - | 2003 Horton 27x68 Doublewide Mobile Home & Lot 575 Comfort Rd Richlands, NC 28574 Value: 88452.00 (TV 98280 - 10% liq. | | | | | |
| | | | Value $                                88,452.00 | | | | 59,807.00 | 0.00 |
| Account No. | | | | | | | | |
| GMAC Mortgage Attn: Customer Care PO Box 4622 Waterloo, IA 50704-4622 | | | Representing: GMAC | | | | Notice Only | |
| | | | Value $ | | | | | |
| **1**___ continuation sheets attached | | | Subtotal (Total of this page) | | | | 80,384.00 | 3,227.00 |

B6D (Official Form 6D) (12/07) - Cont.

In re   **Gregory Spicer**                                                    ,          Case No. _____
                                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. **xxxxxxxxxx0488** | | | | | Opened 12/01/07  Last Active  3/26/10 Purchase Money Security - I/S 7700.00/5.25%/prorata 2007 Suzuki VL1500K7 VIN: JS1VY52A472102735 Value: 7,700 Purchased: 12/07 Price: 13,000 | | | | | |
| HSBC/Suzuki Attn: Managing Agent PO Box 703 Wood Dale, IL 60191 | - | | | | | | | | | |
| | | | | | Value $          7,700.00 | | | | 14,664.00 | 6,964.00 |
| Account No. | | | | | | | | | | |
| HSBC Retail Services Attn: Managing Agent PO Box 15521 Wilmington, DE 19850-5521 | | | | | Representing: HSBC/Suzuki | | | | Notice Only | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

Sheet  1  of  1   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 14,664.00 | 6,964.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 95,048.00 | 10,191.00 |

B6E (Official Form 6E) (4/10)

In re    **Gregory Spicer**
_____ ,     Case No. _____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

 

 

_\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

<u>   1   </u>  continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re   **Gregory Spicer**                                                    ,          Case No. _____
                                         Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxx3171** | | | | | | | | | |
| **Onslow County Tax** **Attn: Managing Agent** **39 Tallnos St** **Jacksonville, NC 28540** | | - | | | | | 215.00 | 0.00 | 215.00 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

| | | | |
|---|---|---|---|
| Sheet **1** of **1** continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims | Subtotal (Total of this page) | 215.00 | 0.00 215.00 |
| | Total (Report on Summary of Schedules) | 215.00 | 0.00 215.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re __**Gregory Spicer**_____,     Case No. _____

                                   Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. xxxxxxxxxxxxx7323<br><br>**American Express**<br>**Attn: Managing Agent**<br>**PO Box 3001**<br>**Malvern, PA 19355** | - | | | | **Opened  9/01/00  Last Active 11/03/05**<br>**CreditCard** | | | | **3,365.00** |
| Account No.<br><br>**American Express**<br>**Attn: Managing Agent**<br>**PO Box 981531**<br>**El Paso, TX 79998** | | | | | **Representing:**<br>**American Express** | | | | **Notice Only** |
| Account No. xxxxxxxxxxxx2743<br><br>**American Express**<br>**Attn: Managing Agent**<br>**PO Box 3001**<br>**Malvern, PA 19355** | - | | | | **Opened  9/12/00  Last Active 11/04/05**<br>**CreditCard** | | | | **2,707.00** |
| Account No.<br><br>**American Express**<br>**Attn: Managing Agent**<br>**PO Box 981531**<br>**El Paso, TX 79998** | | | | | **Representing:**<br>**American Express** | | | | **Notice Only** |
| __4__ continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | **6,072.00** |

S/N:28316-100510   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Gregory Spicer** _____,  Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **706** <br><br> **Bank Of America** <br> **Attn: Managing Agent** <br> **4060 Ogletown/Stanton Rd** <br> **Newark, DE 19713** | - | | **Opened  5/01/05  Last Active  2/24/10** <br> **CreditCard** | | | | **8,037.00** |
| Account No. <br><br> **Bank of America** <br> **Attn: Managing Agent** <br> **PO Box 15026** <br> **Wilmington, DE 19850-5026** | | | **Representing:** <br> **Bank Of America** | | | | **Notice Only** |
| Account No. **xxxxxxxx9657** <br><br> **Citi** <br> **Attn: Managing Agent** <br> **PO Box 6241** <br> **Sioux Falls, SD 57117** | - | | **Opened  8/01/93  Last Active  3/17/10** <br> **CreditCard** | | | | **7,688.00** |
| Account No. <br><br> **Citi Cards** <br> **Attn: Managing Agent** <br> **PO Box 6500** <br> **Sioux Falls, SD 57117** | | | **Representing:** <br> **Citi** | | | | **Notice Only** |
| Account No. **xxxxxxxxxxx3434** <br><br> **Citifinancial** <br> **Attn: Managing Agent** <br> **PO Box 499** <br> **Hanover, MD 21076** | X - | | **Opened  12/01/09  Last Active  3/17/10** <br> **Unsecured** | | | | **10,327.00** |

Sheet no. __1__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**26,052.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Gregory Spicer**
_____,    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**CitiFinancial**<br>**Attn: Managing Agent**<br>**PO Box 140489**<br>**Irving, TX 75014-0489** | | | Representing:<br>Citifinancial | | | | **Notice Only** |
| Account No. **x8192** <br><br>**Eastern Carolina Internal Medicine**<br>**Attn: Managing Agent**<br>**PO Box 68**<br>**Pollocksville, NC 28573-8200** | | - | | | | | **229.17** |
| Account No. **x8739** <br><br>**Family Urgent Care**<br>**Attn: Managing Agent**<br>**2580 Henderson Dr Extension**<br>**Jacksonville, NC 28546** | | - | | | | | **29.72** |
| Account No. **xxxxxxx0442** <br><br>**HSBC Best Buy**<br>**Attn: Bankruptcy**<br>**PO Box 5263**<br>**Carol Stream, IL 60197** | | - | Opened 7/01/09 Last Active 2/28/10<br>ChargeAccount | | | | **489.00** |
| Account No. <br><br>**HSBC/Best Buy**<br>**Attn: Managing Agent**<br>**PO Box 15521**<br>**Wilmington, DE 19850-5521** | | | Representing:<br>HSBC Best Buy | | | | **Notice Only** |

Sheet no. __**2**__ of __**4**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**747.89**

B6F (Official Form 6F) (12/07) - Cont.

In re __**Gregory Spicer**_____,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| **Account No. xxxxxxxxx4210**<br><br>**HSBC/RS Beneficial**<br>**Attn: Bankruptcy**<br>**PO Box 5263**<br>**Carol Stream, IL 60197** | - | | | Opened  5/01/02  Last Active  3/12/10<br>CheckCreditOrLineOfCredit | | | | 11,706.00 |
| Account No.<br><br>**Beneficial Finance**<br>**Attn: Managing Agent**<br>**PO Box 3425**<br>**Buffalo, NY 14240-9733** | | | | Representing:<br>HSBC/RS Beneficial | | | | Notice Only |
| Account No. xxxxxxxx8915<br><br>**Lowes / MBGA**<br>**Attention:  Bankruptcy Department**<br>**PO Box 103104**<br>**Roswell, GA 30076** | - | | | Opened  6/01/85  Last Active  3/14/10<br>ChargeAccount | | | | 3,817.00 |
| Account No.<br><br>**Lowes**<br>**Attn: Managing Agent**<br>**PO Box 981064**<br>**El Paso, TX 79998-1064** | | | | Representing:<br>Lowes / MBGA | | | | Notice Only |
| Account No. xxxxx0002<br><br>**Marine Federal Credit**<br>**Attn: Managing Agent**<br>**159 Brynn Marr Rd**<br>**Jacksonville, NC 28546** | - | | | Opened  1/01/09  Last Active  3/26/10<br>CheckCreditOrLineOfCredit | | | | 585.00 |

Sheet no. __3___ of __4___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

16,108.00

B6F (Official Form 6F) (12/07) - Cont.

In re  **Gregory Spicer**                                                              ,        Case No. _____
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Marine Federal Credit Union**<br>**Attn: Managing Agent**<br>**PO Box 1551**<br>**Jacksonville, NC 28541** | | | **Representing:**<br>**Marine Federal Credit** | | | | **Notice Only** |
| Account No. **xxxxxxxx2067**<br><br>**Sams Club/GE Money**<br>**Attention: Bankruptcy Department**<br>**Po Box 105968**<br>**Atlanta, GA 30353** | - | | **Opened 9/01/02 Last Active 3/11/10**<br>**ChargeAccount** | | | | **837.00** |
| Account No.<br><br>**GE Money Bank**<br>**Attn: Managing Agent**<br>**PO Box 103104**<br>**Roswell, GA 30076** | | | **Representing:**<br>**Sams Club/GE Money** | | | | **Notice Only** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __4__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | | **837.00** |
| Total<br>(Report on Summary of Schedules) | | **49,816.89** |

B6G (Official Form 6G) (12/07)

In re   **Gregory Spicer**                                  ,      Case No. _____

                                Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| | |

**0**

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re __Gregory Spicer__ ,                                Case No. _____
                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Alicia Belmo**<br>**575 Comfort Rd**<br>**Richlands, NC 28574** | **Citifinancial**<br>**Attn: Managing Agent**<br>**PO Box 499**<br>**Hanover, MD 21076** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re   **Gregory Spicer**                                                                    Case No. _____
                              Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Divorced** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Mechanic** | |
| Name of Employer | **Mine Safety Appliance** | |
| How long employed | **29 years** | |
| Address of Employer | **352 White St**<br>**Jacksonville, NC 28540** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ 3,460.43 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 3,460.43 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a.  Payroll taxes and social security | $ 0.00 | $ N/A |
|     b.  Insurance | $ 0.00 | $ N/A |
|     c.  Union dues | $ 0.00 | $ N/A |
|     d.  Other (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 3,460.43 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance | | |
| (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income | | |
| (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 3,460.43 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 3,460.43 |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
    **none anticipated**

B6J (Official Form 6J) (12/07)

In re **Gregory Spicer** _____ Case No. _____

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | | |
|---|---|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | | $ | 0.00 |
| a. Are real estate taxes included? | Yes **X** | No ___ | | |
| b. Is property insurance included? | Yes **X** | No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | | | $ | 275.00 |
|                 b. Water and sewer | | | $ | 25.00 |
|                 c. Telephone | | | $ | 40.00 |
|                 d. Other  **See Detailed Expense Attachment** | | | $ | 178.95 |
| 3. Home maintenance (repairs and upkeep) | | | $ | 30.00 |
| 4. Food | | | $ | 250.00 |
| 5. Clothing | | | $ | 20.00 |
| 6. Laundry and dry cleaning | | | $ | 15.00 |
| 7. Medical and dental expenses | | | $ | 110.00 |
| 8. Transportation (not including car payments) | | | $ | 225.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | | $ | 20.00 |
| 10. Charitable contributions | | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | | |
|                 a. Homeowner's or renter's | | | $ | 0.00 |
|                 b. Life | | | $ | 46.00 |
|                 c. Health | | | $ | 0.00 |
|                 d. Auto | | | $ | 222.00 |
|                 e. Other  **Motorcycle** | | | $ | 40.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | | |
|                 (Specify) | | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | | |
|                 a. Auto | | | $ | 387.82 |
|                 b. Other  **Chapter 13 Plan Payment** | | | $ | 820.00 |
|                 c. Other | | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | | $ | 0.00 |
| 17. Other  **See Detailed Expense Attachment** | | | $ | 816.88 |

| | | |
|---|---|---|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,521.65 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
    **none anticipated**

| | | |
|---|---|---|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.   Average monthly income from Line 15 of Schedule I | $ | 3,460.43 |
| b.   Average monthly expenses from Line 18 above | $ | 3,521.65 |
| c.   Monthly net income (a. minus b.) | $ | -61.22 |

**B6J (Official Form 6J) (12/07)**

In re   **Gregory Spicer** _____     Case No. _____
                                    Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---:|
| cell phone | $ | 47.00 |
| internet service | $ | 21.95 |
| satellite | $ | 87.00 |
| garbage/trash pickup | $ | 23.00 |
| **Total Other Utility Expenditures** | $ | 178.95 |

**Other Expenditures:**

| | | |
|---|---|---:|
| grooming, haircuts, etc. | $ | 10.00 |
| Payroll Taxes | $ | 608.58 |
| Payroll Flex/Ins | $ | 163.69 |
| Payroll 401K | $ | 34.61 |
| **Total Other Expenditures** | $ | 816.88 |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Eastern District of North Carolina

In re   **Gregory Spicer**
                                                                    ,
                                    Debtor

Case No. _____

Chapter_____**13**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 88,452.00 | | |
| B - Personal Property | Yes | 4 | 53,150.89 | | |
| C - Property Claimed as Exempt | Yes | 5 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 95,048.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 215.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 49,816.89 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,460.43 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 3,521.65 |
| Total Number of Sheets of ALL Schedules | | 24 | | | |
| Total Assets | | | 141,602.89 | | |
| Total Liabilities | | | | 145,079.89 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re     **Gregory Spicer**

Debtor,

Case No. _____

Chapter _____ **13** _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 215.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 215.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 3,460.43 |
| Average Expenses (from Schedule J, Line 18) | 3,521.65 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 3,460.43 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 10,191.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 215.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 49,816.89 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 60,007.89 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re  **Gregory Spicer**

_____

Debtor(s)

Case No. _____

Chapter   **13**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

      I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **26**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **May 26, 2010**

Signature   **/s/ Gregory Spicer**

**Gregory Spicer**

Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

# United States Bankruptcy Court
## Eastern District of North Carolina

In re    **Gregory Spicer**                                                                      Case No.
                                                            Debtor(s)                 Chapter    **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 3,000.00 |
| Prior to the filing of this statement I have received | $ | 472.00 |
| Balance Due | $ | 2,528.00 |

2.    $ **274.00** of the filing fee has been paid.

3.    The source of the compensation paid to me was:

■ Debtor          ☐ Other (specify):

4.    The source of compensation to be paid to me is:

☐ Debtor          ■ Other (specify):      **plan**

5.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e.  [Other provisions as needed]

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

**Refer to attorney fee contract attached hereto.  (Chapter 13 Cases only)**

**Representation of debtors in an adversary proceeding or other contested bankruptcy matters.  (Chapter 7 cases only)**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    May 26, 2010                                              **/s/ J. Allen Murphy**
                                                                        **J. Allen Murphy 13053**
                                                                        **Gillespie & Murphy, P.A.**
                                                                        **P.O. Drawer 888**
                                                                        **New Bern, NC 28563**
                                                                        **(252) 636-2225  Fax: (252) 636-0625**
                                                                        **gmpa@lawyersforchrist.com**

---

**Gillespie and Murphy, P.A.**
**Attorneys at Law**
**gmpa@lawyersforchrist.com**
**1-800-453-9851**

320 Middle Street                                                           321 N. Front Street
Post Office Drawer 888                                                      Wilmington, NC 28401
New Bern, NC 28563                                                          (910) 254-3456
(252) 636-2225

**Client Authorization for Legal Services, Bankruptcy Fee Contract, Chapter 13 Case**

The undersigned "Client(s)" retains the law offices of Gillespie and Murphy, P.A. (hereafter referred to as "attorney") for the purpose of filing a petition under Chapter 13 of the U.S. Bankruptcy Code (the "case.")  The attorney shall represent the client in a Chapter 13 bankruptcy proceeding before the United States Bankruptcy Court for the Eastern District of North Carolina, subject to the terms of this agreement as set forth herein.

1.        **FEES AND COSTS AND TERMS OF PAYMENT:**
  a.        Client(s) agree(s) attorney shall be paid a total of $____3328.00_____.
            This amount includes the following:
            1.        ____3000.00_____ attorney fees;
            2.        _____20.00_____ credit report fee ($20.00 per person);
            3.        _____34.00_____ internet credit counseling fee;
            4.        _____ debtor education fee, if any;
            5.        _____274.00_____ bankruptcy court filing fee;
            6.        _____ other services _____

  b.        The following amount of fees and costs must be paid prior to the final preparation of and filing of the Chapter 13 bankruptcy petition:
            1.        _____472.00_____ up front portion of attorney fee;
            2.        _____20.00_____ credit report fee;
            3.        _____34.00_____ internet credit counseling fee;
            4.        _____ debtor education fee, if any;
            5.        _____274.00_____ bankruptcy court filing fee;
            6.        _____ other services _____

        TOTAL UPFRONT FEES AND COSTS_____     800.00__

  c.        The balance of the attorney fee of $__2528.00___ shall be paid through the client(s) Chapter 13 plan in accordance with the applicable provisions of the Bankruptcy Code and the applicable provisions of the Local Rules of the Bankruptcy Court for the Eastern District of North Carolina (EDNC). Attorney fees to be paid through the Chapter 13 plan (the portion of the attorney fee not paid upfront/pre-petition and any additional compensation awarded the attorney upon application to the court pursuant to Rule 2016-1 (a)(9)(A) herein) shall be treated and paid by the Trustee as an administrative expense of the Chapter 13 case.  These fees shall be paid by the Trustee during the first year of the plan unless the court directs otherwise.  The Trustee may without application to the court, modify the Chapter 13 plan to extend the duration of the plan and/or increase the monthly amount of the plan payment in order to provide the funds necessary to pay the attorney fees as set forth herein.  The Trustee must notify the attorney and the client(s) of any necessary plan modifications.

  d.        The undersigned has paid  $_0.00_____ upon execution of the agreement.  The remaining balance of the upfront attorney fee and cost are $___800.00___ and must be paid prior to the preparation and filing of the Chapter 13 bankruptcy petition.  **The Chapter 13 petition shall not be filed, in accordance with the bankruptcy code, until all upfront fees and costs, as set forth above are paid and all information requested by attorney is provided, the petition is prepared, reviewed by "Client(s)" for accuracy and signed for verification by "Client(s)".**

Client agrees that if payments are not made as outlined above, attorney may immediately close client(s) file, in which case no further action needs to be taken or services rendered by attorney and said file shall be closed.  The bankruptcy court filing fee shall be returned to the client(s) with all other fees paid non-refundable to attorney.  In the event the "Client(s)" has not paid the upfront fees and costs within 180 days of the date of this Agreement, it shall be presumed that the "Client(s)" has elected not to file bankruptcy.  Any attorney fees paid and costs paid for services such as, but not limited to, credit report, credit counseling, debtor education or similar services after this 180 days shall be forfeited by Client(s) to attorney as non-refundable.

e.      Additional fees may be awarded to attorney for services provided to client in accordance with the local rules of the bankruptcy court for the EDNC.

In accordance with local rule 2016-1 of the Bankruptcy Court for the Eastern District of North Carolina, the following are the rules and procedures governing the award of attorney's fees in Chapter 13 cases.  Client(s) acknowledges these rules and procedures and agrees to the terms thereof.

**(1)      AMOUNT OF STANDARD BASE FEE: The standard base fee in a Chapter 13 case is as provided in the statement of approved compensation published annually by the clerk and included in the Administrative Guide to Practice and Procedure. ($3000.00) Though the standard fee will typically be approved by the court without hearing, the trustee may recommend, in appropriate cases, that a lower fee be allowed.  In recommending a standard base fee in converted cases, the trustee shall take into consideration the compensation already received.**

**(2)      SERVICES INCLUDED IN THE BASE FEE.  The standard fee includes the basic services reasonably necessary to properly represent the debtor before the bankruptcy court during the first 12 months after filing the case.**

**(3)      APPLYING FOR A HIGHER BASE FEE.  Applications for approval of a base fee higher that the standard base fee must be filed by the debtor's attorney within 60 days after the conclusion of the creditor's meeting under § 341 of the Bankruptcy Code.**

**(4)      NON-BASE FEE SERVICES DEFINED.  The following services are not covered by the standard base fee, and additional compensation for these services may be awarded by the court:**

**(A)      motion for authority to sell real property;**

**(B)      application to incur debt**

**(C)      motion to extend or impose the automatic stay for repeat filers;**

**(D)      prosecution or defense of adversary proceedings;**

**(E)      filing of formal motions or responses pertaining to three or more matters arising during the first year of the case, including but not limited to the services listed below in subsection (6); and**

**(F)      any other service that, in the discretion of the court, reasonably warrants additional compensation.**

**(5)      APPROVAL OF NON-BASE FEES.  Except as specified in subsection (6), applications for fees for any non-base fee services provided to a chapter 13 debtor must be approved by the court.  Notice of each application for fees and expenses in any amount under $1,000 must be sent to each debtor, the trustee, and the bankruptcy administrator.  Notice of each application for fees and expenses of $1,000 and above must be given to all parties in interest.**

**(6)      PRESUMPTIVE NON-BASE FEES/APPROVAL/NOTICE.  The list of presumptively reasonable non-base fee services are contained in the statement of approved compensation published by the clerk and included in the Administrative Guide to Practice and Procedure.  Applications for the presumptive non-base fee must be filed with a notice verifying completion of the service and a certificate of service evidencing service of the notice on each debtor, the trustee and the**

bankruptcy administrator.  The applications for presumptive non-base fees will automatically be approved by the court.  Alternatively, the debtor's attorney may apply to the court for approval of non-base fees on a "time and expense" basis pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 330.  Presumptive Non-base Fees effective October 1, 2008 as outlined in the Administrative Guide are listed below:

| | |
|---|---|
| (A) Motion to extend or impose the automatic stay for repeat filers | $400.00 |
| (B) Motion to use interrogatories, and interrogatories | $150.00 |
| (C) Motion for turnover | $300.00 |
| (D) Motion to avoid lien | $350.00 |
| (E) Motion to modify plan post-confirmation | $350.00 |
| (F) Motion to substitute collateral | $350.00 |
| (G) Motion for authority to sell property | $300.00 |
| (H) Application to incur debt | $200.00 |
| (I) Defense of motion for relief from stay and/or co-debtor stay | $500.00 |
| (J) Handling of an insurance inquiry received more than twelve (12) months after the Chapter 13 case is filed | $ 75.00 |
| (K) Motion to set aside dismissal | $350.00 |
| (L) Defense of motion to dismiss | $250.00 |
| (M) Motion for hardship discharge | $350.00 |
| (N) Objection to claims (up to three claims whether filed separately or combined) | $250.00 |
| (O) Notice to abandon property | $ 50.00 |

COSTS APPLIED TO ALL:  When the costs for copying and postage exceed $25.00, the actual amount, plus the presumptive fee, shall be reimbursed to counsel.

(7)     DISCLOSURE OF FEE PROCEDURES.  Every attorney for a chapter 13 debtor must disclose to the debtor the procedures applicable in this district to awards of attorneys' fees in chapter 13 cases.

(8)     INTERIM APPROVAL OF PARTIAL BASE FEE.  An attorney fee as specified in the Administrative Guide to Practice and Procedure for services provided to the debtor up to and including the petition date is authorized and shall be considered part of the base fee.  Any amount in excess of the base fee collected by the attorney prior to filing the chapter 13 petition must be held in the attorney's client trust account pending further order of the court or approval of the fees in accordance with this rule.

(9)     PAYMENT OF ATTORNEY FEES/MODIFICATION OF PLAN.  The following will be treated and paid as administrative expenses of the chapter 13 case:

(A)     the standard base fee, less any partial base fee paid prior to filing the chapter 13 petition; and

(B)     any additional amounts awarded in excess of the standard base fee or for non-base fee services.

These fees shall be paid by the trustee at the rate set in the Administrative Guide to Practice and Procedure unless the court directs otherwise.  The trustee may, without application to the court, modify the chapter 13 plan to extend the duration of the plan and/or increase the monthly amount of the plan payment in order to provide the funds necessary to pay attorney

**fees.  The trustee must notify the debtor and the debtor's attorney of the plan modification.**

f.      Upon the payment of the upfront portion of the attorney fees set forth in 1(b) above, a file shall be opened and all fees paid to attorney towards the upfront attorney fees shall be deemed non-refundable.  In the event that client elects not to file bankruptcy, all monies paid will be first applied to the upfront attorney's fees and non-refundable, then to other costs incurred by attorney, then to the cost of credit counseling fees, credit report fees, bankruptcy court filing fees or other similar fees/costs and if not expended for such purpose shall be refundable to the "Client(s)' upon request.

g.      If additional services, not included in the standard base fee nor included in local rule 2016-1 of the EDNC Bankruptcy Rules, do become necessary, the "Client(s)" agree(s) to pay for these additional services, upon request, in advance, before the services are rendered at the hourly rate of $250.00 per hour, or a flat fee which payments will be deposited and kept in attorney's client trust account until any necessary court approval is obtained.  In the alternative, the attorney may agree to provide the service and to apply to the Court to add the fees for said services paid through clients Chapter 13 plan, instead of requiring payment directly from client(s).

**2.      LEGAL SERVICES PROVIDED:**

a.      For the fees set forth in 1(a) above, the attorney shall provide basic services reasonably necessary to properly prepare the chapter 13 bankruptcy petition and represent the "Client(s)" before the bankruptcy court during the first 12 months after filing the petition, however, additional fees may be awarded during this 12 months in accordance with the Local Rule 2016-1(a)4(E) of the bankruptcy court for the Eastern District of North Carolina as set forth in 1(e) above.  These services include the following:

1.      Analysis of "Client(s)" financial situation and advising Client(s);
2.      Preparation of petition, schedules, statement of financial affairs, supplemental local forms, chapter 13 plan and mailing matrix;
3.      Correspondence to "Client(s)" regarding "Client(s)' responsibilities and attendance of Section 341 meeting;
4.      Preparation for and representing "Client(s)" at Section 341 meetings;
5.      Exemption planning;
6.      Providing information to the court, the trustee and creditors in accordance with the Bankruptcy Code and the Local Rules of the EDNC;
7.      Review of Orders related to the case;
8.      Maintaining custody and control of case file;
9.      Obtaining copies of proof of claims and review, if necessary;
10.     If needed, preparation and filing of proofs of claim on your behalf for your creditors;
11.     Defending objection to confirmation of your chapter 13 plan;
12.     Assumption and rejections of unexpired leases and executory contracts;
13.     Preparation for and attendance at valuation hearings;
14.     Calculation of plan payment modifications (no motion filed);
15.     Adding creditor addresses to mailing matrix as needed (however, "Client(s)" must pay the fee charged by the court for any such amendment which is currently $26.00 per amendment);
16.     Responding to "Client(s)'contacts regarding changes in "Client(s)" financial and personal circumstances and advising the court and trustee of the same, if necessary, for the proper administration of "Client(s)" case;
17.     Communicating with "Client(s)"as needed for the proper administration of "Client(s)" case;
18.     Communicating with creditors as needed for the proper administration of "Client(s)" case;
19.     Communicating with the court and trustee as needed for the proper administration of "Client(s)" case;

b.      However, in the event some unusual or unexpected event or action occurs that requires more time,

expense, and labor for any of the above, the attorney has the right to seek an award of fees through the court for such time, expense and labor.

**3.       LEGAL SERVICES NOT PROVIDED:**
a.       Conversion to Chapter 7;
b.       Representation in any action objecting to discharge in bankruptcy or discharge of a particular debt;
c.       Representation in any Adversary Proceeding filed by the Trustee or creditor or Bankruptcy Administrator;
d.       Post-discharge actions;
e.       Representation before any tax authority
f.       The cost of long distance telephone calls and the cost of delivery (other than postage)
g.       Fielding telephone calls and correspondence from client's creditors prior to filing of case with the court
h.       Searching title or lien records
i.       Services initiated to resolve issues concerning concealment of debts or assets or misrepresentation of facts
j.       Non-appearances at court or the first meeting of creditors
k.       Negotiating or arranging for the retention, redemption. or post discharge release of collateral
l.       Reaffirmation agreements and/or motions for redemption

**4.       CLIENT(S) OBLIGATIONS:**
a.       To pay the fees set out above;
b.       To make all payments required by the Client(s) Chapter 13 plan to the Chapter 13 Trustee and pay all outside creditor payments pursuant to "Client(s)" Chapter 13 plan;
c.       To provide accurately, completely and honestly all the information necessary to properly analyze the client(s) financial situation and prepare the chapter 13 bankruptcy petition, schedules, statement of financial affairs, supplemental local forms, chapter 13 plan, mailing matrix and other documents as required;
d.       To thoroughly review and sign the bankruptcy petition, schedules, statement of financial affairs, supplemental local forms, chapter 13 plan, mailing matrix and other documents as required and advise attorney of any inaccuracies or changes needed;
e.       To keep the attorney advised at all times of all the client(s) current contact information, including but not limited to, mailing addresses, physical address, email address, work phone number, home phone number, cell number and any other means of contact;
f.       To attend the section 341 meeting of creditors and any other court hearings set in "Client(s)" case and to arrive in a timely manner dressed appropriate for a court proceeding;
g.       To provide any information requested by the Chapter 13 Trustee, Court, Bankruptcy Administrator, attorney for "Client(s)" and any other party in the case, unless the Court rules the "Client(s)" is/are not required to provide the information;
h.       To respond immediately to any phone call, correspondence and requests by the Attorney or staff of Attorney;
i.       Comply with the obligations placed upon the "Client(s)' by Local Rule 4002-1(g), a copy of which is attached hereto;
j.       To do everything asked of "Client(s)' by attorney, Trustee, Court and Bankruptcy Administrator for proper administration of "Client(s)" case.

**5.       POWER OF ATTORNEY REGARDING PAYMENTS MADE BY "CLIENT(S)"**
a.       Pursuant to Local Rule 3070-1(a) of Local Rules of the EDNC Bankruptcy Court, upon conversion or dismissal of your Chapter 13 case prior to confirmation, and unless the Court orders otherwise, the Chapter 13 Trustee shall return to the debtor any payments made by the debtor under the proposed plan, less an administrative expense claim under 11 U.S.C. 503(b).  Pursuant to the current practice in the EDNC, if after administrative expenses are paid, there is still money remaining, the Chapter 13 Trustee will return the payment made by the debtor to the office of the attorney representing debtor that filed the case instead of sending the money directly to the debtor. **THE "CLIENT(S)" HEREBY EXPRESSLY GRANTS ATTORNEY A POWER OF**

**ATTORNEY TO NEGOTIATE ANY FUNDS RECEIVED FROM THE CHAPTER 13 TRUSTEE'S OFFICE UPON CONVERSION OR DISMISSAL OF THE CHAPTER 13 CASE PRIOR TO CONFIRMATION IF THE ATTORNEY FEES THAT WERE TO BE PAID THROUGH THE CHAPTER 13 PLAN PURSUANT TO THIS AGREEMENT ARE STILL DUE AND OWING TO ATTORNEY AT THE TIME OF THE CONVERSION OR DISMISSAL.**

b.    Client understands and agrees that all attorney fees due attorney pursuant to this agreement are due to Attorney regardless of whether the case is confirmed or dismissed prior to confirmation and "Client(s)" is/are not entitled to any refund of any fees paid to Attorney pursuant to this agreement or by Chapter 13 Trustee.

6.    **NO PROMISES OF OUTCOME, FUTURE CREDIT OR TAX ADVISE:**

a.    Client acknowledges that neither attorney nor attorney's staff has made any promises or guarantees about the outcome of "Client(s)" case or the "Client(s)" ability to obtain future credit.

b.    The attorney representation of the "Client(s)" specifically does not include and the attorney has not undertaken to give tax advice to the client, and attorney has advised the debtor to seek separate counsel or a CPA or tax advisor with regard to any tax advice or tax ramifications of the filing of any bankruptcy proceeding.

7.    **WITHDRAWAL FROM REPRESENTATION:**
The attorney reserves the right to withdraw from this matter (i) if the client fails to honor any part/portion of this agreement, (ii) for any just reason as permitted or required under the North Carolina State Bar's Rules of Professional Conduct, (iii) as permitted by the rules of courts of the State of North Carolina and/or the Bankruptcy Court. Notification of withdrawal shall be made in writing to the client. Attorney shall have an automatic right to withdraw from this matter if a check delivered by the client to the attorney is returned for insufficient funds.

8.    **RETENTION OF CLIENT(S) RECORDS:**
Attorney shall scan for retention any of the books, papers, and/or records related to the representation of the client and return all hard copies to the client, if requested.

Client acknowledges and agrees that client's file (with the exception of personal belongings and original documents such as deeds, wills, contracts, etc.) may be destroyed on or after six (6) years from the date client's file is closed. No notice, written or otherwise, shall be provided to client of file destruction following this six year period.

9.    **READ CAREFULLY: Client understands that no paralegal, secretary, or other non-lawyer working at the offices of Gillespie and Murphy, P.A., has the authority (i) to give legal advice, (ii) to recommend that client should or should not file for the protection of bankruptcy, (iii) to recommend that client file under one bankruptcy chapter rather than another chapter, to the extent that such advice or recommendation would involve the exercise of independent legal judgement. Client acknowledges that no one employed by or affiliated with the law offices of Gillespie and Murphy, P.A., other than an attorney, has given such advice or made any such recommendation to the client.**

10.    **Caution:** Client understands that if client is behind in payments on a car, mobile home, furniture loan, lease or other secured debt, the bankruptcy laws do not stop a creditor from repossessing or otherwise taking such property until such time as the client's case gets filed with the Bankruptcy Court. Similarly, client understands that foreclosure on a home or a piece of land cannot be stopped until the clients case gets filed with the Bankruptcy Court.

11.    **Returned Checks:** Client will be charged (i) a processing fee of $25.00 for any check in which payment has been refused by the payor bank because of insufficient funds or because the drawer did not have an account at that bank and (ii) any service charges imposed on the attorney by a bank or depository for processing the dishonored check, pursuant to the provisions of N.C.G.S. section 6-21.3 and 25-3-506.

12.    **Payments:** All payments must be made in cash, certified check, cashiers check, or money order unless approved by the attorney handling the case.  Any payments made by personal check will delay the filing of the related bankruptcy petition for ten (10) business days to allow checks to clear the bank.

**Client acknowledges that client has read and understands all the terms of this client authorization for legal services/fee contract.  Client also acknowledges having received a copy of this document which consists of ___ 8____ pages.**


/s/Gregory Spicer                                                                3/18/10
Signature of Client                                  Seal                         Date

Hand written Name of Client




Signature of Client                                  Seal                         Date

Hand written Name of Client

RULE 4002-1
DEBTOR DUTIES

(a)      The following shall apply to individual debtors in all cases.

      (1)    FINANCIAL INFORMATION.  Every individual debtor shall bring to the meeting of creditors under §341 and make available to the trustee evidence of current income, including copies of all payment advices or other evidence of payment, if any, with all but the last four digits of the debtor's social security number redacted, received by the debtor from an employer within 60 days before the filing of the petition.

      (2)    TAX RETURN.  At the meeting of creditors under §341, the debtor shall provide to the trustee a copy of the debtor's Federal income tax return for the most recent tax year ending immediately before the commencement of the case and for which a return was filed, including any attachments, or a transcript of the tax return, or provide a written statement that the documentation does not exist.

      (3)    The debtor's obligation to provide tax returns under Federal Bankruptcy Rules 4002(b)(3) and 4002 (b)(4), and Local Bankruptcy Rule 4002-1(a)(2) and (b)(2) is subject to procedures for safeguarding the confidentiality of tax information established by the Director of the Administrative Office of the United States Courts, except that with respect to tax returns provided b the debtor under Local Bankruptcy Rule 4002-1(a)(2) and (b)(2), the trustee and bankruptcy administrator are not subject to the procedures for requesting the obtaining access to tax information established by the Director of the Administrative Office of the United States Courts.

(g)      CHAPTER 13 - DEBTOR DUTIES.  The following shall apply in chapter 13 cases.

      (1)    SCHEDULES AND STATEMENTS REQUIRED.  A debtor in a case under chapter 13 shall comply with the requirements of Local Bankruptcy Rule 1007-1.

      (2)    PAYMENTS UNDER PLAN.  The debtor shall begin making the payments called for in the proposed plan on the first day of the first month following the month in which the chapter 13 case is filed.  The payments shall be made as directed by the standing chapter 13 trustee.

      (3)    DIRECT PAYMENTS TO CREDITORS.  If secured claims are to be paid outside the plan, the debtor shall continue to make the regular scheduled payments to the secured creditor prior to confirmation.

      (4)    DISPOSITION OF PROPERTY.  The debtor shall not dispose of any non-exempt property having a fair market value of more than $5,000 by sale or otherwise without prior approval of the trustee and an order of the court.

      (5)    OBTAINING CREDIT.  The debtor shall not purchase additional property or incur additional debt of $7,500 or more without prior approval from the court.  The debtor must give notice of the application to purchase additional property or to incur additional debt to the chapter 13 trustee, who must respond within five days of receipt of the notice.  If no objection is filed, the court may approve the application without a hearing.

      (6)    ADEQUATE PROTECTION.  When a case is dismissed prior to confirmation, the court may require the debtor to provide adequate protection to one or more secured creditors by directing that the chapter 13 trustee make adequate protection payments from funds received under paragraph (f)(2) (Payments Under Plan) of this rule.

      (7)    INSURANCE COVERAGE.

          (A)    The debtor shall keep the property of the debtor and the bankruptcy estate insured in a manner and to the extent as may be deemed necessary, with loss payable clauses, in the case of pledged or mortgages property, in favor of the appropriate secured creditors as their interest may appear.

          (B)    The debtor shall ensure that any vehicle, if it is property of the debtor or property of the estate and is required by a security agreement, lease or other similar agreement to be covered by collision insurance, is not driven, unless the vehicle is so covered.

BANKRUPTCY.NEW LAW FORMS/CHAPTER 13 FEE AGREEMENT REV. 12.08

# United States Bankruptcy Court
## Eastern District of North Carolina

In re   **Gregory Spicer**                                             Case No.

_____

                                    Debtor(s)          Chapter      **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:   **May 26, 2010**                              **/s/ Gregory Spicer**
                                                       **Gregory Spicer**
                                                       Signature of Debtor

I,         **J. Allen Murphy 13053**         , counsel for the petitioner(s) in the above-styled bankruptcy action, declare that the attached Master Address List consisting of   **2**   page(s) has been verified by comparison to Schedules D through H to be complete, to the best of my knowledge.  I further declare that the attached Master Address List can be relied upon by the Clerk of Court to provide notice to all creditors and parties in interest as related to me by the debtor(s) in the above-styled bankruptcy action until such time as any amendments may be made.

Date:   **May 26, 2010**                              **/s/ J. Allen Murphy**
                                                       Signature of Attorney
                                                       **J. Allen Murphy 13053**
                                                       **Gillespie & Murphy, P.A.**
                                                       **P.O. Drawer 888**
                                                       **New Bern, NC 28563**
                                                       **(252) 636-2225  Fax: (252) 636-0625**

Alicia  Belmo
575 Comfort Rd
Richlands, NC 28574

Citi  Cards
Attn: Managing Agent
PO Box 6500
Sioux Falls, SD 57117

HSBC  Retail  Services
Attn: Managing Agent
PO Box 15521
Wilmington, DE 19850-5521

American  Express
Attn: Managing Agent
PO Box 3001
Malvern, PA 19355

Citifinancial
Attn: Managing Agent
PO Box 499
Hanover, MD 21076

HSBC/Best  Buy
Attn: Managing Agent
PO Box 15521
Wilmington, DE 19850-5521

American  Express
Attn: Managing Agent
PO Box 981531
El Paso, TX 79998

CitiFinancial
Attn: Managing Agent
PO Box 140489
Irving, TX 75014-0489

HSBC/RS  Beneficial
Attn: Bankruptcy
PO Box 5263
Carol Stream, IL 60197

Bank Of America
Attn: Managing Agent
4060 Ogletown/Stanton Rd
Newark, DE 19713

Eastern  Carolina  Internal  Medicine
Attn: Managing Agent
PO Box 68
Pollocksville, NC 28573-8200

HSBC/Suzuki
Attn: Managing Agent
PO Box 703
Wood Dale, IL 60191

Bank of America
Attn: Managing Agent
PO Box 15026
Wilmington, DE 19850-5026

Family  Urgent  Care
Attn: Managing Agent
2580 Henderson Dr Extension
Jacksonville, NC 28546

Lowes
Attn: Managing Agent
PO Box 981064
El Paso, TX 79998-1064

Beneficial  Finance
Attn: Managing Agent
PO Box 3425
Buffalo, NY 14240-9733

GE Money  Bank
Attn: Managing Agent
PO Box 103104
Roswell, GA 30076

Lowes / MBGA
Attention:  Bankruptcy Department
PO Box 103104
Roswell, GA 30076

Chase
Attn: Managing Agent
201 N. Central Ave Floor 11
Phoenix, AZ 85004

GMAC
Attention:  Bankruptcy Dept.
1100 Virginia Drive
Fort Washington, PA 19034

Marine  Federal  Credit
Attn: Managing Agent
159 Brynn Marr Rd
Jacksonville, NC 28546

Chase  Auto  Finance
Attn: Managing Agent
PO Box 78050
Phoenix, AZ 85062-8050

GMAC Mortgage
Attn: Customer Care
PO Box 4622
Waterloo, IA 50704-4622

Marine  Federal  Credit  Union
Attn: Managing Agent
PO Box 1551
Jacksonville, NC 28541

Citi
Attn: Managing Agent
PO Box 6241
Sioux Falls, SD 57117

HSBC Best  Buy
Attn: Bankruptcy
PO Box 5263
Carol Stream, IL 60197

Onslow  County  Tax
Attn: Managing Agent
39 Tallnos St
Jacksonville, NC 28540

Sams Club/GE Money
Attention: Bankruptcy Department
Po Box 105968
Atlanta, GA 30353